## No. 8952.

### SEIWALD v. THE PEOPLE.

1. CRIMINAL PROCEEDURE—*Speedy Trial—Delays—Effect.* An accused person is not entitled to an absolute discharge because not brought to trial within two terms after imprisonment. (Rev. Stat., Sec. 2926.)

2. DEMURRER—*Matters Considered.* In passing upon the demurrer to an information, no assumption is to be indulged as to the facts of the crime or the evidence which will be produced.

3. *Double Homicides*, constitute distinct offenses, though closely related in time.

4. INTOXICATION—*Effect as an Excuse for Crime.* Drunkenness is not an excuse for crime unless produced by the fraud or force of another for the purpose of causing the perpetration of the crime (Rev. Stat., sec. 1617).

5. HOMICIDE—*Manslaughter.* The accused testified that he drank when urged by his associates in the crime to do so; but there was nothing to show that he was not capable of forming or carrying out an intention of murder, *held*, that he was not entitled to an instruction as to the crime of manslaughter.

6. ERROR—*Abstract.* In a criminal case the Court will examine the record.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*En banc.*

Mr. JOHN T. BOTTOM, Mr. RAYMOND S. SULLIVAN, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, for the people.

Opinion by Mr. Justice Teller.

PLAINTIFF in error, hereinafter called the defendant, was convicted of murder in the second degree, and brings error.

He was tried under an information charging him with murder in the first degree, in the killing of one Lloyd. The people relied upon evidence to show that the killing was done in an attempt to rob. Defendant had been previously tried upon an information charging him and one Cook with murder in the first degree, in the killing of officer McPherson, in an attempt to rob. The first trial resulted in the conviction of Cook of murder in the first degree, and of the defendant of murder in the second degree. The circumstances surrounding these homicides are detailed in *Cook v. People*, 56 Colo. 477, 138 Pac. 756.

To the information in this case the defendant filed a plea setting up, first, that he was entitled to his liberty—that is, to an absolute discharge—because two terms of court had elapsed between the filing of the information and the trial; and, second, that he had previously been placed in jeopardy for the same offense, and had been acquitted "of the offense of being engaged in a robbery, during a perpetration or an attempted perpetration of which a killing would be murder in the first degree, and convicted of murder in the second degree for the only shooting in which he was engaged."

A demurrer to the plea was sustained.

It is now strenuously insisted that both of the grounds of the plea were good, and that the court erred in sustaining the demurrer.

Bearing upon the first of these grounds, a question is raised as to the correctness of the record, which recites that continuances were granted upon the request of the defendant; but that need not be determined, because, in any event, the delay in bringing the defendant to trial did not work an absolute discharge. This is determined by a case

recently decided by this court and not yet reported: No. 8293, *People v. Henwood,* 179 Pac. 874.

As to the second ground, the contention of counsel for defendant is that, inasmuch as the verdict of the jury, finding the defendant guilty of murder in the second degree only, must have been based on a finding that the killing was not done in an attempted robbery, the question of robbery could not be again tried; and that it was conclusively established that there was no robbery, nor attempt at robbery, when the two persons were killed, it being all one transaction.

We do not agree with these conclusions.

Though the homicides were closely related in time, two distinct offenses were committed. *Henwood v. People,* 57 Colo. 544, 143 Pac. 373, Ann. Cas. 1916 A, 1111.

In passing on the demurrer, the court could consider only the allegations of the plea. Nothing as to the evidence likely to be produced could be assumed. In other words, even if the question of robbery could not be passed upon by the jury in this case, that fact was not known to the court.

The information was in the usual form for murder in the first degree, and disclosed nothing as to what the state expected to prove in order to make out the offense charged. Until the evidence was in, it could not be known how much it might differ from the evidence in the former case. The court had no right to speculate on these matters, and it did not err in sustaining the demurrer.

Moreover, defendant has no cause to complain of the ruling, as he was found guilty only of murder in the second degree; a result which, according to counsels' theory, must have been due to a finding that there was no attempt at robbery. Nothing more could have been obtained had the question of robbery been withdrawn from the jury.

It is also urged that the court erred in not instructing as to manslaughter, the theory of counsel being that the evidence of defendant that he was drunk entitled him to such an instruction.

Under our statute, section 1617, R. S. 1908, drunkenness is not an excuse for a crime unless it is occasioned by the fraud, contrivance or force of some other person for the purpose of causing the perpetration of an offense.

The abstract of record contains no evidence on this point, but, in view of the fact that this is a criminal case, we have examined the record itself.

We find no evidence whatever that would justify the conclusion that the defendant was so drunk, if drunk at all, as to render him incapable of forming or carrying out an intention to murder; much less is there anything to show that he had been made drunk by fraud, contrivance or force. He testified only that he drank when urged by Cook so to do.

The instructions as to intoxication were full and accurate, and all that the evidence required.

There is no evidence which called for an instruction covering manslaughter.

Finding no error in the record, the judgment is affirmed.

Mr. Justice Scott dissents.

Decided May 5, A. D. 1919. Rehearing denied June 11, A. D. 1919.