## No. 21857.

JOEL K. WHITMAN *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(420 P.2d 244)

Decided November 21, 1966. Rehearing denied December 12, 1966.

John J. Gaudio, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

This is a companion case to *Whitman v. People,* 161 Colo. 110, 420 P.2d 416.

As a result of the robbery of a South Denver Creamery Adamson and Whitman were by direct information jointly charged with aggravated robbery and conspiracy to commit aggravated robbery. This particular information was in addition to, and separate from, the information charging these same two persons with the murder of Walter F. Hamilton. It was the same general transaction, however, which formed the basis for each prosecution.

On arraignment Whitman pled not guilty and thereafter sought and obtained a trial separate from his codefendant Adamson. Upon trial a jury adjudged Whitman guilty of both aggravated robbery and conspiracy and he was ultimately sentenced to a term of from twenty to forty years in the state penitentiary on the robbery charge and to a term of from three to five years on the conspiracy charge, these two sentences to be served concurrently. By the present writ of error Whitman seeks reversal of these particular judgments and sentences.

As already noted, it was the holdup of the creamery and the ensuing death of Walter F. Hamilton, which

latter event occurred when Whitman drove the get-away car into the intersection of East First Avenue and University Boulevard on a red light at a high rate of speed and struck the vehicle which Hamilton was innocently driving through this same intersection on a green light, which formed the basis for the prosecution of Whitman for murder and the separate prosecution for aggravated robbery and conspiracy. Time wise, Whitman was first tried and convicted in the murder case; and his trial on the robbery and conspiracy charges took place a few weeks thereafter. All of which sets the stage for Whitman's basic contention in this court: the trial court erred in its refusal to grant Whitman's motion to dismiss both the robbery and conspiracy charges. This motion to dismiss was premised on the argument that inasmuch as Whitman had already been convicted of first degree murder under the so-called "felony-murder" theory, he could not thereafter be prosecuted upon the robbery charge because of the doctrine of *res judicata*. Stated somewhat differently, it is Whitman's position that inasmuch as the prosecution in the murder case had to prove, among other things, that he was guilty of the crime of robbery, he could not thereafter be independently and separately convicted of the same robbery which formed the basis for the first degree murder conviction. With this general contention we are not in agreement.

At the outset, it should perhaps be noted that Whitman, as we understand it, does *not* urge that the doctrine of former jeopardy has any application to the present controversy. While there is some diversity of judicial thought on this particular subject, Colorado is apparently committed to the rule which would render the doctrine of former jeopardy unavailing to one in Whitman's position. See *Johnson v. People,* 152 Colo. 586, 384 P.2d 454; *Seiwald v. People,* 66 Colo. 332, 182 Pac. 20; and *Davidson v. People,* 64 Colo. 281, 170 Pac. 962.

Rather, Whitman apparently hopes to achieve the

same result by saying *"res judicata,"* as opposed to "former jeopardy." This he cannot do.

 *Res judicata* means generally that a final judgment on the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all later suits on points or matters determined in the former suit. *Black's Law Dictionary.* It is said that this doctrine of *res judicata,* by which a fact or matter distinctly put in issue and necessarily and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is equally applicable in criminal proceedings. And in this regard it has been held in other jurisdictions that a judgment in a former criminal prosecution may, under the doctrine of *res judicata,* even operate *against* the defendant in a subsequent criminal proceeding. 21 Am. Jur. p. 257, and 147 A.L.R. 991.

 But, it is a bit difficult to understand just how the application of these general principles would be of any aid or comfort to one in Whitman's position. In the instant case Whitman was *convicted,* not acquitted, of murder in the first degree, and in this circumstance application of the doctrine of *res judicata* would seem to suggest that by virtue of the first degree murder conviction the issue as to whether Whitman was involved in the robbery of the creamery had been resolved adversly to Whitman, and for all time. Had Whitman been *acquitted* of the first degree murder charge, in our view, he would then be in a much better position to successfully urge the application of this doctrine. Then, he could contend that by such acquittal the jury had necessarily determined that he was not involved in the robbery, and that this issue, having once been determined, could not be relitigated. The validity of this particular contention need not be here determined. For all these reasons we conclude that the trial court did not err in denying Whitman's motion to dismiss the

robbery and conspiracy charges on the grounds of *res judicata.*

Whitman's objection to instruction No. 13 is tied into his general argument relating to *res judicata* and, in view of the foregoing comment, this objection is held to be without merit.

 Error is also predicated on the reception into evidence, over objection, of certain currency which the People contended was the currency which was thrown from the Whitman driven vehicle during the course of their wild ride through South Denver. We find no error in this regard.

Finally, Whitman argues that there is insufficient evidence to tie him into the robbery proper. This argument was examined and found wanting in the companion case decided this date. We perceive no good reason to go over the same ground again.

The judgment is affirmed.