Robert BOULIES, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 87SC372.

Supreme Court of Colorado,
En Banc.

March 27, 1989.

---

Donald E. Janklow, Greeley, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent.

QUINN, Chief Justice.

The question in this case is whether in a single trial a defendant who has been convicted and sentenced to life imprisonment for felony murder based on his causing the death of the robbery victim during the commission of aggravated robbery may also be convicted and sentenced to a consecutive term of fifty years-to-life for the very same aggravated robbery on which the felony murder conviction was based. In *People v.*

*Boulies,* 746 P.2d 1385 (Colo.App.1987), the court of appeals affirmed the district court's judgment denying postconviction relief to the defendant, Robert Boulies, who claimed that his conviction and consecutive sentence for the crime of aggravated robbery violated the Double Jeopardy Clauses of the United States and Colorado Constitutions. We granted certiorari to review that part of the court of appeals decision rejecting the defendant's double jeopardy claim. We now hold that the Double Jeopardy Clauses of the federal and state constitutions preclude the imposition of a sentence for aggravated robbery consecutive to a life sentence for felony murder based on the defendant's causing of the robbery victim's death during the commission of the aggravated robbery, and further that the defendant's conviction for aggravated robbery was merged into the greater inclusive offense of felony murder.

## I.

The basic facts are not in dispute. On October 26, 1971, the defendant and two accomplices drove up to a liquor store in Greeley, Colorado. While the accomplices waited outside, the defendant entered the store armed with a .22 caliber pistol and took money from the store clerk, William L. Hamill. During the perpetration of the aggravated robbery the store clerk was shot and killed.

At the time of the homicide Colorado statutory law provided that any killing "which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem, or burglary" is murder in the first degree and shall be punishable by life imprisonment or death. § 40–2–3(1), 1963 C.R.S. Section 40–5–1 of the 1963 Colorado Revised Statutes defined robbery, in pertinent part, as follows:

(1) Robbery is the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation. Every defendant found guilty of robbery, except as hereinafter provided, shall be punished by confinement in the penitentiary for a term of not less than two nor more than fourteen years.

(2) (a) Every defendant found guilty of robbery shall be confined in the penitentiary for a term of not less than four years, or for life, if in the perpetration of such robbery:

(b) He is armed with a dangerous weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person.

§ 40–5–1, 1963 C.R.S. (1967 Perm.Supp.).

On October 28, 1971, the defendant was charged in a two-count information with the crimes of first degree murder and aggravated robbery. The murder count alleged that on October 26, 1971, the defendant killed and murdered William L. Hamill while committing the crime of aggravated robbery as defined by section 40–5–1 of the 1963 Colorado Revised Statutes, as amended. The second count alleged that on October 26, 1971, the defendant made an assault upon William L. Hamill and by force and intimidation took money from his person and that the defendant was then and there armed with a deadly weapon, a .22 caliber automatic pistol, with the intent, if resisted, to kill, wound or maim William L. Hamill or any other person. The defendant entered a plea of not guilty to the charges and was subsequently tried by a jury. The trial court submitted both charges to the jury and instructed the jury on the elements of each charge as follows:

The material allegations contained in count # 1 of the Information in this case are:

1. That defendant, ROBERT BOULIES, on or about the 26th day of October, 1971;

2. Did kill and murder one William L. Hamill;

3. While said ROBERT BOULIES was commit[t]ing the crime of aggravated robbery;

4. In Weld County, State of Colorado.

The material allegations contained in count # 2 of the Information in this case are:

1. That defendant, ROBERT BOU-LIES, on or about the 26th day of October, 1971;

2. Feloniously, unlawfully and violently took a thing of value, namely, cash;

3. From the person and against the will of William L. Hamill, by force and intimidation;

4. And that during such robbery, said ROBERT BOULIES was armed with a dangerous weapon, with the intent, if resisted, to maim, wound or kill William L. Hamill, or any other person;

5. In Weld County, State of Colorado.

The jury returned guilty verdicts to felony murder and aggravated robbery as charged. The court thereafter entered a judgment of conviction on the verdicts and sentenced the defendant to a term of life imprisonment for felony murder and to a consecutive term of fifty years-to-life for aggravated robbery.

After unsuccessfully appealing his convictions to the court of appeals on evidentiary rulings during the course of the trial, *see People v. Boulies*, 545 P.2d 1050 (Colo. App.1975) (not selected for official publication), the defendant in 1982 filed a Crim.P. 35(c) motion alleging three grounds for postconviction relief, namely: the presence of an unauthorized person, the alternate juror, in the jury room during jury deliberations; the denial of the defendant's right to effective assistance of counsel at trial and on appeal; and the entry of a separate conviction and imposition of a consecutive sentence for aggravated robbery in violation of the Double Jeopardy Clauses of the United States and Colorado Constitutions. The district court granted relief on the basis of the presence of the alternate juror in the jury room during jury deliberations, and on appeal we vacated the district court's order and remanded the case for further proceedings. *People v. Boulies*, 690 P.2d 1253 (Colo.1984).

Upon remand of the case the district court denied postconviction relief, and the court of appeals affirmed the judgment, reasoning as follows with respect to the defendant's double jeopardy claim:

The established test for determining whether two offenses are, in fact, the same offense was set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not...."

\* \* \* \* \* \*

Felony murder, as defined by C.R.S. 1963, 40-2-3, required only that the murder occur during the perpetration or attempt to perpetrate a robbery. Therefore, it is possible to commit the offense of felony murder without also satisfying the elements of aggravated robbery which includes the elements of robbery but also includes the additional elements of a dangerous weapon and the intent, if resisted, to kill, maim, or wound another person. On the other hand, it is obviously possible to commit an aggravated robbery without satisfying all of the elements of felony murder. Therefore, these two offenses are not the same offense under the test set forth in *Blockburger*.

Because the General Assembly adopted this scheme in defining the elements of felony murder, we presume its intent was to allow separate sentences for felony murder and aggravated robbery. Therefore, we find no violation here of the state or federal constitutional provisions prohibiting double jeopardy.

*Boulies*, 746 P.2d at 1388-89. We thereafter granted the defendant's petition for certiorari to consider the court of appeals' resolution of his double jeopardy claim.

## II.

The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused against being twice placed in jeopardy for the same crime. U.S. Const. amend. V; Colo. Const. art. II, sec. 18. The constitutional guarantee

against double jeopardy serves several purposes: it protects against a second prosecution for the same offense after an acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165–66, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Because the constitutional guarantee against double jeopardy is significantly different from other procedural guarantees, the United States Supreme Court has accorded retroactive effect to double jeopardy protections. *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973).

■■■ While in some contexts we have adopted a more expansive standard under the Colorado Double Jeopardy Clause than the federal standard, *e.g., People v. Paulsen*, 198 Colo. 458, 601 P.2d 634 (1979) (erroneous grant of judgment of acquittal on grounds unrelated to factual guilt precludes retrial even though trial court erred as a matter of law in granting a judgment of acquittal), we have adhered to the federal "same offense" standard for purposes of the double jeopardy prohibition against successive prosecutions for separate statutory crimes. *People v. Williams*, 651 P.2d 899, 902 (Colo.1982); *see also People v. Bugarin*, 181 Colo. 62, 65, 507 P.2d 875, 877 (1973). This standard focuses on the elements of each offense. If *each offense* requires proof of a fact which the other does not, the two offenses are sufficiently distinguishable for purposes of successive prosecutions, notwithstanding a substantial overlap in the proof required to establish the separate crimes. *Brown*, 432 U.S. at 166, 97 S.Ct. at 2225, *see also Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If, however, a person has been tried and convicted for a crime which includes proof of all the requisite elements of some other lesser offense, he cannot thereafter be tried for the lesser offense. *See Payne v. Virginia*, 468 U.S. 1062, 104 S.Ct. 3573, 82 L.Ed.2d 801 (1984) (per curiam) (Double Jeopardy Clause barred prosecution for

crime of robbery following conviction for capital murder committed during robbery while armed with a deadly weapon); *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) (Double Jeopardy Clause barred prosecution for robbery with firearm after accused previously convicted of felony murder based on same underlying robbery). Nor can a person be tried for a greater inclusive offense when he has previously been convicted of a lesser offense which is necessarily included in the greater offense. *Brown*, 432 U.S. at 168, 97 S.Ct. at 2227. The sequence of prosecutions, in other words, is immaterial to the double jeopardy prohibition against successive prosecutions for greater and lesser included offenses. *Id.; see also In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). Moreover, once the legislature has defined a statutory offense "by its prescription of the 'allowable unit of prosecution,' ... that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this [legislative] choice." *Sanabria v. United States*, 437 U.S. 54, 69–70, 98 S.Ct. 2170, 2181–82, 57 L.Ed.2d 43 (1978); *see Williams*, 651 P.2d at 899.

■■ Although the "same offense" standard applies to the double jeopardy prohibition against multiple punishments, the federal and state Double Jeopardy Clauses play a more limited role in protecting an accused against multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown*, 432 U.S. at 165, 97 S.Ct. at 2225. A court may impose cumulative punishment in a single trial for statutory offenses proscribing the same conduct only so long as the legislature has specifically authorized cumulative punishment for the

statutory offenses. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), illustrates the scope of the cumulative punishment prohibition. In that case the defendant was convicted of the crime of robbery in the first degree by means of a deadly weapon, which carried a minimum sentence of five years, and in the same trial was also convicted of the statutory crime of "armed criminal action," which involved the commission of a felony by use of a deadly weapon and carried a minimum sentence of three years in addition to the punishment authorized for the underlying felony. As the result of the multiple convictions in a single trial, Hunter was sentenced to ten years in prison for the robbery and fifteen years for the crime of "armed criminal action." In upholding the fifteen-year sentence on the basis that the Missouri legislature specifically intended the punishment to be cumulative, the United States Supreme Court stated:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger* [284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

459 U.S. at 368–69, 103 S.Ct. at 678–79.

■ We engrafted the *Hunter* rule onto the Colorado Double Jeopardy Clause in *People v. Haymaker,* 716 P.2d 110 (Colo. 1986).[1] The corollary of the *Hunter* rule, of course, is that in the absence of specific legislative authorization for cumulative punishment for two separate statutory crimes that satisfy the "same offense" test, a court is constitutionally prohibited from imposing cumulative punishment by virtue of both the federal Double Jeopardy Clause and the constitutional separation of powers. *Whalen v. United States,* 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed. 2d 715 (1980).

It is within the confines of these basic principles of double jeopardy jurisprudence that we must determine the constitutional validity of a consecutive sentence of fifty years-to-life for aggravated robbery when, in the same prosecution, the defendant was also convicted and sentenced to life imprisonment for felony murder predicated on his causing the death of the robbery victim during the commission of the aggravated robbery.

### III.

■ In rejecting the defendant's double jeopardy claim, the court of appeals reasoned that since section 40–2–3, 1963 C.R.S., required only that the killing occur during the perpetration or attempt to perpetrate robbery, as distinguished from aggravated robbery, it was possible to take the life of another person during the commission of robbery without satisfying all the elements of aggravated robbery, with the result that the crime of aggravated robbery was not the same offense as the crime of felony murder based on the killing of a person during the commission of the robbery. Having concluded that the offenses were not the same for double jeopardy purposes, the court of appeals went on to presume a legislative intent to authorize cumulative punishment for the separate convictions in the instant prosecution.

The court of appeals, in resolving the double jeopardy issue, applied an unduly restrictive test in determining whether the defendant's convictions for felony murder and aggravated robbery satisfied the "same offense" standard for purposes of

---

1. In *Haymaker,* the defendant was convicted of first degree sexual assault based on the use of a deadly weapon during the commission of the sexual assault and also was convicted of the commission of a crime of violence, which was defined to include the commission of sexual assault involving use of a deadly weapon. In upholding an enhanced sentence within the aggravated range based on the defendant's conviction for a crime of violence, we concluded that the express reference in the crime of violence statute to the crime of sexual assault involving the use of a deadly weapon manifested an obvious legislative intent to authorize punishment for a crime of violence in addition to punishment for the substantive crime of sexual assault involving the use of a deadly weapon.

double jeopardy. The test employed by the court of appeals ignores both the legislatively prescribed unit of prosecution for felony murder as well as the charges actually brought and convictions actually obtained within that allowable unit of prosecution. The court of appeals also incorrectly presumed a legislative intent to permit cumulative punishment for the separate convictions imposed in this case.

### A.

The resolution of a claim based on the double jeopardy prohibition against cumulative punishment for multiple convictions in the same criminal trial must proceed initially from an analysis, within the framework of the legislatively prescribed allowable unit of prosecution, of the charges actually brought and the convictions actually obtained in the case at hand. In this case the defendant was charged with and convicted of the felony of first degree murder by causing the death of William L. Hamill during the commission of aggravated robbery on October 26, 1971, and was also charged with and convicted of the felony of aggravated robbery against William L. Hamill on that same date.

Section 40–2–3(1), 1963 C.R.S., defines felony murder to include those killings which occur "in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem, or burglary." In 1971, when the crimes in question were committed, aggravated and simple robbery were "but two degrees of the same offense." *Atwood v. People*, 176 Colo. 183, 185, 489 P.2d 1305, 1307 (1971). All but one of the other felonies listed in the felony murder statute were expressly classified by degree. Arson, for example, included arson in the first degree, § 40–3–1, 1963 C.R.S., arson in the second degree, § 40–3–2, 1963 C.R.S., and arson in the third degree, § 40–3–3, 1963 C.R.S. The felony of rape was broken down into three degrees, § 40–2–25, 1963 C.R.S., and burglary was categorized as first degree burglary, § 40–3–5(1), 1963 C.R.S. (1965 Perm.Supp.), and second degree burglary, § 40–3–5(2) and (3), 1963 C.R.S. (1967 Perm.Supp.).[2]

The legislative inclusion of the word "any" in section 40–2–3(1) immediately before the listed crimes of "arson, rape, robbery, mayhem, or burglary" manifests an obvious intent to authorize as "the allowable unit of prosecution" for felony murder all deaths committed in the perpetration or attempt to perpetrate any of the listed felonies regardless of the particular degree attached to the underlying felony. Under the felony murder statute applicable to this case, therefore, what was necessary for a conviction was the taking of a human life while the accused was perpetrating or attempting to perpetrate any of the enumerated felonies. *E.g., People v. Scheer*, 184 Colo. 15, 21, 518 P.2d 833, 835 (1974); *Frady v. People*, 96 Colo. 43, 48–49, 40 P.2d 606, 608 (1934).

In light of the scope of prosecution authorized by section 40–2–3(1) and the essential elements of the two offenses for which the defendant was charged and convicted, we have no hesitation in concluding that the defendant's conviction for aggravated robbery satisfied the "same offense" test under the Double Jeopardy Clauses of the United States and Colorado Constitutions. Since the felony underlying the conviction for felony murder was the commission of the very same aggravated robbery for which the defendant was separately charged and convicted, the aggravated robbery conviction clearly was a lesser included offense of the felony murder conviction. *See Payne*, 468 U.S. 1062, 104 S.Ct. 3573; *Harris*, 433 U.S. at 683, 97 S.Ct. at 2913.

Moreover, contrary to the court of appeals' analysis, even if the felony murder conviction had been based on the commission of simple robbery (*i.e.,* robbery with-

---

**2.** The crime of mayhem, also listed in the felony murder statute, was not classified into degrees. Mayhem was defined as unlawfully depriving a human being of a member of his or her body, or disfiguring or rendering the body member useless. Mayhem was a felony punishable by a sentence of not less than one nor more than twenty years, but if the crime occurred during a fight by consent the offense was punishable as a misdemeanor. § 40–2–24, 1963 C.R.S.; *see Foster v. People*, 1 Colo. 293 (1871).

out a weapon), and the defendant had also been charged with and convicted of a separate count of aggravated robbery involving the same robbery victim, the "same offense" test of double jeopardy would still have been satisfied because: first, the separate charge of felony murder based on either simple or aggravated robbery would have been within the legislatively prescribed allowable unit of prosecution pursuant to section 40–2–3(1), 1963 C.R.S.; *see Sanabria,* 437 U.S. at 69–70, 98 S.Ct. at 2182; *Williams,* 651 P.2d 899; and second, the separate conviction for aggravated robbery would have required proof of the very same elements of simple robbery necessarily included in the conviction for felony murder based on the robbery, *see Brown,* 432 U.S. at 168, 97 S.Ct. at 2227.[3]

### B.

The next question under double jeopardy analysis is whether the Colorado legislature specifically authorized cumulative punishment for aggravated robbery when, as here, the defendant was convicted and sentenced to life imprisonment for felony murder predicated on his causing the robbery victim's death during the commission of the aggravated robbery. Legislative authorization for cumulative punishment must have its source in the statutory text itself and, in contrast to the court of appeals' analysis, cannot rest on the basis of a presumption.

We find nothing whatsoever in the statutory proscription of felony murder contained in section 40–2–3(1), 1963 C.R.S., or in the statutory proscription of aggravated robbery contained in section 40–5–1(1), C.R.S. 1963 (1967 Perm.Supp.), that could possibly be construed to authorize a cumulative punishment for an aggravated robbery when the aggravated robbery is the predicate of a felony murder conviction and a life sentence. In the absence of specific legislative authorization for the imposition of such cumulative punishment, the trial court was prohibited by the Double Jeopardy Clauses of the United States and Colorado Constitutions from sentencing the defendant to a consecutive term of fifty years-to-life for aggravated robbery when the defendant in the same prosecution was convicted and sentenced to life imprisonment for felony murder based on his causing the robbery victim's death during the commission of the same aggravated robbery. *See Whalen,* 445 U.S. at 689, 100 S.Ct. at 1436.

### IV.

■ We are left then with the question whether the Double Jeopardy Clauses of the United States and Colorado Constitutions will permit in a *single trial* a *separate conviction* for the offense of aggravated robbery when, as here, the defendant has also been convicted and sentenced to life imprisonment for the offense of felony murder predicated on his causing the robbery victim's death during the perpetration of the aggravated robbery and the legislature has not expressly authorized cumulative punishment for the separate aggravated robbery conviction. We need not address this double jeopardy issue, however, since the judicial rule of merger requires that the defendant's separate conviction for aggravated robbery be vacated.

**3.** We are not unmindful of this court's decision in *Whitman v. People,* 161 Colo. 117, 420 P.2d 244 (1966). In that case the defendant claimed that the doctrine of *res judicata* precluded his prosecution and conviction for aggravated robbery and conspiracy to commit aggravated robbery subsequent to his conviction for felony murder based on the killing of a person during the robbery. This court noted in passing that the doctrine of former jeopardy was "unavailing to one in Whitman's position," 161 Colo. at 119, 420 P.2d at 246, and then rejected Whitman's *res judicata* claim. We find *Whitman* inapplicable here for two reasons. First, the statement with respect to former jeopardy was gratuitous, in that the defendant was not asserting a claim of former jeopardy. Second, *Whitman* was decided before the expansive development of double jeopardy doctrine by the United States Supreme Court, and the court's passing remark on former jeopardy would be in contravention of the law today. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *see also Payne v. Virginia,* 468 U.S. 1062, 104 S.Ct. 3573, 82 L.Ed. 2d 801 (1984) (per curiam); *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam).

In Colorado, the rule of merger precludes a conviction for a crime that is the lesser included offense of another crime for which the defendant has also been convicted in the same prosecution. *E.g., People v. Hancock,* 186 Colo. 30, 35, 525 P.2d 435, 438 (1974); *People v. Bugarin,* 181 Colo. 62, 65–66, 507 P.2d 875, 877 (1973); *see People v. Bridges,* 199 Colo. 520, 524–25, 612 P.2d 1110, 1113–14 (1980). An offense is "lesser included" for purposes of merging into a greater offense when proof of the essential elements of the greater offense necessarily establishes all of the elements required to prove the lesser offense. *E.g., People v. Rivera,* 186 Colo. 24, 26, 525 P.2d 431, 433 (1974).

In this case the defendant's conviction for first degree murder was based on proof that he committed the crime of aggravated robbery against William L. Hamill and that in the perpetration of the aggravated robbery he caused the death of the robbery victim. The defendant's conviction for felony murder thus necessarily established all the elements of the lesser included offense of aggravated robbery. Under these circumstances, the defendant's conviction for aggravated robbery merged into the conviction for the greater inclusive offense of felony murder.[4]

The judgment of the court of appeals is accordingly reversed and the case is remanded to that court with directions to return the case to the trial court for the entry of an order vacating the defendant's conviction and sentence for aggravated robbery.

MULLARKEY, J., does not participate.

---

4. There is no question that the Colorado Criminal Code, which became effective on July 1, 1972, ch. 121, sec. 1, § 40-1-103(1), 1971 Colo. Sess.Laws 388, 389, would clearly bar a conviction for aggravated robbery when in the same prosecution the defendant has also been convicted of the crime of felony murder for causing the death of the robbery victim in the course of committing the aggravated robbery. *See People v. Raymer,* 662 P.2d 1066, 1068–70 (Colo.1983); *People v. Bartowsheski,* 661 P.2d 235, 245–46 (Colo.1983).