OTT, Judge.
Joseph and Patricia Simanonok, husband and wife, appeal a contempt order asserting that it is violative of the double jeopardy clause of the Florida and U. S. Constitutions. We agree.
Appellee, O. E. Randle, as Pollution Control Director for Manatee County, brought an action in 1977 to require the Simanonoks to connect their property to the county sewer system. The circuit court granted the requested relief and ordered the Simano-noks to comply within thirty days. They failed to do so and in 1979 appellee moved the court for an order of contempt. The court ordered that Joseph Simanonok be imprisoned for thirty days unless he complied with the court’s original order within thirty days. The Simanonoks again refused and the court ordered Joseph Simanonok into custody. He served the thirty days, but remained firm in his refusal to connect to the sewer system.
Appellee then filed a second motion for contempt. The Simanonoks resisted the motion on the ground of double jeopardy. A hearing was held and Joseph Simanonok was again found in contempt. The second contempt order fined the Simanonoks an amount equal to all costs and expenses of the suit and appellee’s attorney’s fees. The order further provided that Mr. Simanonok could purge himself of the contempt if, within ten days, he paid one half of the assessed costs and connected to the sewer system. This appeal followed.
The first contempt order did not provide a method whereby Simanonok could purge himself of the contempt while in jail. The thirty day sentence was strictly punishment for failure to comply with the previous court order. The second order, while stating that he could purge himself of the contempt, in reality only provided a method whereby Mr. Simanonok could purge himself of one half of the fine. Both contempt orders, therefore, sought to punish Mr. Si-manonok for his failure to comply with the court’s 1977 order. Where the purpose of a contempt order is to punish, it is generally regarded as criminal contempt. In re S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
Joseph Simanonok was twice punished .for criminal contempt for failure to comply *47 with the court’s order that he connect to the sewer system. The second contempt order violated his constitutional right not to be twice punished for the same act.
Accordingly, the second order of contempt dated December 10, 1979 is reversed. However, nothing in this opinion prevents the circuit court from properly applying coercive measures to enforce compliance with its orders.
HOBSON, Acting C. J., and GRIMES, J., concur.