The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

William L. LOGGINS, Defendant-Appellant.

No. 80SA289.

Supreme Court of Colorado, En Banc.

May 18, 1981.

J. D. MacFarlane, Atty. Gen., Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Susan J. Trout, Deputy Dist. Atty., Denver, for plaintiff-appellee.

Normando R. Pacheco, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant William L. Loggins appeals the judgment of the trial court denying his Crim. P. 35(b) motion for post-conviction relief. We affirm.

On June 11, 1971, defendant's suspended sentence of indeterminate to two years for conviction of possession of burglary tools was revoked and the defendant was committed to the state reformatory. The defendant was transferred to the Denver County Jail on August 18, 1971 to await proceedings on the charge in this case, assault on a police officer with a deadly weapon. The defendant was held in the Denver County Jail until March 23, 1972 when he was sentenced to an indeterminate term not to exceed fifteen years.

On August 6, 1979, the defendant filed a motion pursuant to Crim. P. 35(b) for post-conviction relief. In his motion, the defendant alleged that the sentence imposed upon his conviction for assaulting a police officer with a deadly weapon was illegal because the trial court had not granted the defendant credit for time spent in presentence confinement from August 18, 1971, until sentence was imposed on March 23, 1972. The trial court denied the defendant's Crim. P. 35(b) motion in a well-reasoned decision.

Section 16–11–306, C.R.S. 1973 (1978 Repl. Vol. 8) (amended 1979), which was in effect at the time the defendant's Crim. P. 35(b) motion was pending, stated:

"In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration *that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.*" (Emphasis added.)

The trial court properly applied the rationale of this statute in denying the defendant's Crim. P. 35(b) motion. During the period between August 18, 1971 and March 23, 1972, the defendant was incarcerated pursuant to the sentence imposed in connection with his earlier conviction for possession of burglary tools and he was receiving credit on that sentence for that time period. This confinement was not attributable to the charge of assault on a police officer with a deadly weapon.

Judgment affirmed.