The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Charles BAKER, Defendant-Appellant.

No. 83CA1075.

Colorado Court of Appeals, Div. III.

Oct. 18, 1984.

Rehearing Denied Nov. 15, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Laurie D. West, Deputy State Public Defender, Fort Collins, for defendant-appellant.

BABCOCK, Judge.

This appeal arises out of a Crim.P. 35 motion. Defendant, Charles Baker, does not appeal the denial of his motion, but contends that the trial court entered an illegal sentence when it *sua sponte* ordered that service of his sentence commence on the date of the ruling upon the motion. We reverse and remand for correction of the sentence and mittimus.

In April 1980, defendant was convicted of theft. On August 18, 1980, defendant was sentenced to a term of two to four years in the custody of the executive director of the Colorado Department of Corrections. That sentence was stayed at defendant's request until November 1980 when the court granted the defendant an appeal bond. This court affirmed the conviction and mandate issued in September 1982.

Thereafter, defendant failed to appear on his bond return date. A warrant was issued and defendant was arrested on February 2, 1983. On February 3, 1983, he appeared before the trial court at which time the trial court ordered that he be "remanded to the custody of sheriff for delivery to the executive director of the Department of Corrections of the State of Colorado."

Defendant was then incarcerated in the Larimer County jail pending disposition of separate aggravated motor vehicle theft and theft of rental property charges which had been filed in January 1983. On July 21, 1983, he pled guilty to the theft of rental property charge. He was sentenced to four years and one day at a community corrections facility and received presentence confinement credit upon this charge from the date of his apprehension on February 2, 1983, until the date of sentencing on the theft of rental property charge on July 22, 1983.

While still incarcerated at the Larimer County jail pending disposition of the later theft charges, defendant filed a Crim.P. 35 motion for reconsideration of the earlier

sentence. On August 26, 1983, supplemented by order on September 8, 1983, the trial court denied this motion and, because defendant had received presentence confinement credit upon the later sentence, the court *sua sponte* ordered that defendant commence serving the sentence in the earlier theft case as of August 26, 1983.

■ Defendant has appealed only the trial court's *sua sponte* order setting the commencement date of the sentence in the earlier theft case. The prosecution concedes that a defendant begins service of a sentence when incarcerated in a county jail pending disposition of a separate charge, and we agree. *See* § 16–11–308, C.R.S. (1978 Repl.Vol. 8).

Here, on February 3, 1983, the trial court ordered execution of sentence in the earlier theft case by remanding defendant to the custody of the Larimer County Sheriff for delivery to the executive director of the Department of Corrections. Thus, defendant commenced service of the sentence imposed in this case on February 3, 1983. We hold that the trial court was without jurisdiction to order the mittimus amended later to provide otherwise, and thus, the sentence was illegal. *Cf. People ex rel. Gallagher v. District Court,* 632 P.2d 1009 (Colo.1981).

■ We agree with the prosecution that defendant was not entitled to presentence confinement credit upon the sentence imposed in the later case. *People v. Loggins,* 628 P.2d 111 (Colo.1981); *People v. Matheson,* 671 P.2d 968 (Colo.App.1983). However, inasmuch as the state failed to perfect an appeal in that case, we are without jurisdiction to order the trial court to amend its mittimus by eliminating the presentence confinement credit.

The judgment of the trial court is reversed and the cause is remanded with directions to vacate its order of August 26, 1983, and supplemental order of September 8, 1983, insofar as it orders defendant's sentence to commence on August 26, and that the judgment of conviction sentence and mittimus be amended to reflect that defendant's sentence on the theft conviction began on February 3, 1983.

BERMAN and METZGER, JJ., concur.