**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Ricky Dean SAATHOFF,**
**Defendant-Appellant.**

**No. 84CA0826.**

Colorado Court of Appeals,
Div. II.

July 24, 1986.

Rehearing Denied Aug. 28, 1986.

Certiorari Granted (Saathoff)
Nov. 10, 1986.

**368**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Karen A. Chaney, Deputy State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Ricky Dean Saathoff, appeals an order of the trial court denying him credit for time served in the Garfield County Jail where he was transferred by the Department of Corrections pending disposition of second degree burglary and theft charges. We affirm.

In December 1983, Saathoff was an inmate at the Rifle Correctional Center, a minimum security facility within the Colorado Department of Corrections. While assigned there, he was charged with, and admitted to, the burglary of a residence in Silt, Colorado. Following his confession, he was immediately transferred to the Garfield County Jail.

As a result of plea negotiations, defendant pled guilty to second degree burglary of a building, a class four felony, and was sentenced to four years and one day. The sentence was to be served concurrently with the sentence he had been serving. The trial court, however, refused to allow presentence confinement credit against the burglary sentence for the period between his transfer to the Garfield County Jail and the date sentence was imposed.

Defendant argues that his confinement in the Garfield County Jail resulted directly from the burglary charge and that he was therefore entitled to presentence confinement credit on his burglary sentence for the time he spent there. We disagree.

Defendant was already in the custody of the Department of Corrections and was confined in a minimum security facility serving a sentence for a previous offense. The fact that he committed a new crime did not affect that status, nor. did the temporary administrative transfer to a more secure facility.

Since this period of confinement was merely a continuation of the sentence he was already serving, and was not attributable to the new charge. *See Schubert v. People,* 698 P.2d 788 (Colo.1985); *Torand v. People,* 698 P.2d 797 (Colo.1985). Saathoff was not entitled to presentence confinement credit. *See People v. Loggins,* 628 P.2d 111 (Colo.1981); *People v. Matheson,* 671 P.2d 968 (Colo.App.1983); *People v. Saiz,* 660 P.2d 2 (Colo.App.1982).

Furthermore, to grant defendant credit for this same period of time against a new burglary sentence would in effect reward him for having committed the additional offense and would result in duplicative sentencing credits, a result not intended by § 16–11–306. *Torand v. People, supra.*

Order affirmed.

STERNBERG and BABCOCK, JJ., concur.