The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Ralph S. ALLEN, Defendant–Appellee.

No. 88CA1313.

Colorado Court of Appeals, Div. II.

Aug. 3, 1989.

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Sr. Deputy Dist. Atty., Golden, for plaintiff-appellant.

Duran & Duran, John T. Hyland and T. Mark Kulish, Denver, for defendant-appellee.

Sandra J. Pfaff and Diana M. Poole, Denver, for amicus curiae The Colorado Women's Bar Ass'n.

Ruth A. Buechler, Sandra Schwayder and Maureen S. Farrell, Denver, for amicus curiae Nat. Lawyers Guild.

Bonham, Peake & Hutchinson, Nancy Hutchinson, Denver, for amicus curiae Colorado Domestic Violence Coalition.

Opinion by Judge SMITH.

The People appeal the trial court's judgment dismissing criminal charges against the defendant, Ralph S. Allen. We reverse and remand with directions to reinstate the charges.

After having suffered repeated abuse, defendant's wife obtained from the county court a permanent restraining order against the defendant pursuant to § 14-4-101, et seq., C.R.S. (1987 Repl.Vol. 6B). The court order prohibited the defendant from going to his wife's residence and from contacting his wife in any manner without first obtaining permission from the court.

Following issuance of the order, the defendant went to wife's residence, broke into the house, and threatened to kill her. Wife thereafter filed a motion for contempt and following an evidentiary hearing, the county court found the defendant in contempt and sentenced him to six months in jail.

Subsequent to that adjudication, and based on the same incident, defendant was charged with second degree burglary, criminal mischief, first degree criminal trespass, and menacing. Arguing that, by virtue of the contempt proceeding, he had been punished for the conduct underlying the criminal charges, the defendant moved for their dismissal on the basis of double jeopardy. The trial court agreed and dismissed the charges.

I

On appeal, the People contend that the trial court erred in dismissing the criminal charges because: (1) The protections of double jeopardy are not invoked when the prior conviction is for contempt of court; (2) and, even if invoked, double jeopardy does not bar the subsequent criminal prosecution here because different conduct and different purposes distinguish contempt from the other criminal offenses.

This court held in *People v. Matheson*, 671 P.2d 968 (Colo.App.1983) that double jeopardy principles may apply when imprisonment for a definite term is imposed for contempt of court. We reaffirm that holding here. However, as we did there, we conclude that the criminal prosecution of defendant here is not barred by the doctrine of double jeopardy as a result of the contempt adjudication.

Except for the rule concerning lesser included offenses, when a defendant is prosecuted for violation of a different provision of law than that on which the former prosecution was based, double jeopardy does not bar the second prosecution if each offense requires proof of a fact that the other does not. This is true notwithstanding a substantial overlap in the proof required to

establish the separate crimes. *Boulies v. People*, 770 P.2d 1274 (Colo.1989); *see also Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

A criminal contempt adjudication requires only proof that the defendant knew of the court's order and deliberately disobeyed it, in violation of the authority and dignity of the court. *Lobb v. Hodges*, 641 P.2d 310 (Colo.App.1982). In contrast to punishment imposed as a result of a criminal offense, punishment for contempt concerns conduct which is directed against, or is in derogation of the authority of, the judicial system. It is therefore not so much the manner in which the defendant acts but rather is the effect of his actions relative to the court's order, and thus the court's exercise of its authority, which is critical to a finding of contempt. Consequently, even a legal act which falls within the scope, and constitutes disobedience of, a court's order may provide the basis for a finding of contempt. *See Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984).

Here, in addition to presenting evidence that the defendant was aware of the court's order, testimony at the contempt hearing was presented that the defendant smashed the door of his wife's residence, threatened to kill her, and forced her to flee the premises. While such testimony may indeed suggest criminal behavior, when viewed in light of the nature of the contempt proceeding, the testimony was admitted to prove only that he had deliberately defied the court's order requiring him to stay away from his wife and her residence and that his violation of the order was offensive to the authority and dignity of the court.

In contrast to an adjudication of criminal contempt, a conviction for any of the crimes with which the defendant was subsequently charged requires the prosecution to present evidence of specific types of conduct that are prohibited by law. This burden is not met by the criminal contempt adjudication that the defendant, with delib-

eration and in a manner offensive to the court, violated the restraining order. *See* §§ 18–3–206, 18–4–203, 18–4–501, and 18–4–502, C.R.S. (1986 Repl Vol. 8B). Accordingly, inasmuch as the criminal offenses with which defendant here is charged require proof of facts different from those upon which the previous contempt adjudication was based, the bar of double jeopardy does not preclude the criminal prosecution, and the trial court erred in ruling to the contrary.

II

Inasmuch as our holding here does not rely upon § 18–1–302(1)(a)(II), C.R.S. (1986 Repl.Vol. 8B), we find it unnecessary to address the defendant's argument concerning the constitutionality of that statute.

The judgment dismissing the criminal charges is reversed and the cause is remanded to the trial court with directions to reinstate those charges and for further proceedings thereon.

PLANK and VAN CISE *, JJ., concur.