**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Ralph S. ALLEN, Respondent.**

**No. 92SC596.**

Supreme Court of Colorado, En Banc.

Jan. 10, 1994.

Rehearing Denied Feb. 28, 1994.

David J. Thomas, Dist. Atty., First Judicial Dist., and Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for petitioner.

David F. Vela, Colorado State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *People v. Allen*, 843 P.2d 97 (Colo.App.1992) (*Allen II*), and now reverse and remand with directions. In *People v. Allen*, 787 P.2d 174 (Colo.App.1989) (*Allen I*), the court of appeals, relying on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), held that Ralph Allen (Allen)

could be prosecuted for burglary, menacing, mischief, and trespassing even though he was previously convicted of contempt of court based on the same criminal episode. A jury acquitted Allen of second degree burglary and criminal mischief and convicted Allen of criminal trespass and misdemeanor menacing. However, after *Allen I* was decided, the Supreme Court of the United States announced *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and modified *Blockburger.*

In post-conviction proceedings Allen again asserted the defense of double jeopardy based on *Grady* and the trial court vacated his convictions. The prosecution appealed and in *Allen II,* based on *Grady,* the court of appeals reversed *Allen I* and affirmed the vacation of Allen's convictions on the substantive criminal charges. While review on certiorari was pending in this court, the Supreme Court of the United States overruled *Grady v. Corbin* in *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993), and reinstated the *Blockburger* test. Since *Grady* was overruled, and *Blockburger* is again the controlling precedent, *Allen I* was properly decided and *Allen II* must be reversed. Accordingly, we reverse and return this case to the court of appeals with directions to remand to the district court to reinstate Allen's judgment of conviction for criminal trespass and misdemeanor menacing.

I

Allen's wife obtained a permanent restraining order against Allen from the Jefferson County Court. The restraining order prohibited Allen from contacting his wife without first obtaining permission from the court. Following the issuance of the order, Allen went to his wife's residence, broke in, and threatened to kill her. As a result of this criminal episode, Allen was charged with second degree burglary,[1] criminal mischief,[2] and menacing;[3] subsequently, the prosecution also added the charge of criminal trespass.[4]

After Allen was charged with these criminal offenses, his wife obtained a contempt citation based on Allen's violation of the permanent restraining order. On January 11, 1988, the Jefferson County Court conducted an evidentiary hearing and found that Allen had been served with a copy of the order and had violated the order. The court found Allen in contempt of court and sentenced him to six months in jail.

Prior to trial on the substantive offenses, Allen filed a motion to dismiss the four substantive criminal charges. He asserted that prosecution on the charges is barred by the Double Jeopardy Clauses of the United States and Colorado Constitutions. U.S. Const. amend. V; Colo. Const. art. II, § 18. The trial court held that Allen was already punished in the contempt proceeding for the conduct underlying the criminal charges and dismissed the case. The court of appeals, guided by the "same elements" test set forth in *Blockburger,* held that the Double Jeopardy Clause did not bar the subsequent prosecution and ordered the trial court to reinstate the charges against Allen. *Allen I,* 787 P.2d at 175–76.

Allen was tried on the four substantive charges and was found guilty by a jury of first degree criminal trespass and misdemeanor menacing, and not guilty of second degree burglary and criminal mischief. The court sentenced Allen to four years in the Department of Corrections and six months in the county jail. After sentencing, Allen filed a motion for post-conviction relief which the trial court denied. Allen appealed, and on May 29, 1990, while the appeal was pending, *Grady v. Corbin* was decided and the *Blockburger* test was modified. *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093. Consequently, Allen claimed that his convictions must be vacated because they were barred by *Grady.* The court of appeals granted a limited remand to the trial court for the purpose of ruling on Allen's double jeopardy motion which was predicated on *Grady.* The trial court conducted a hearing, granted Allen's

1. § 18–4–203, 8B C.R.S. (1986).

2. § 18–4–501, 8B C.R.S. (1986).

3. § 18–3–206, 8B C.R.S. (1986).

4. § 18–4–502, 8B C.R.S. (1986).

motion, and vacated the judgment of conviction and sentences finding that the double jeopardy principles announced in *Grady* barred the subsequent prosecution.

The prosecution appealed the trial court's order vacating the charges against Allen. In *Allen II,* based on *Grady,* the court of appeals affirmed the trial court's dismissal of the substantive charges. The prosecution petitioned for, and we granted certiorari. *Allen II,* 843 P.2d at 101. On June 28, 1993, *Grady v. Corbin* was overruled by *United States v. Dixon,* — U.S. —, —, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993).

## II

■ The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused against being twice placed in jeopardy for the same offense.[5] In some contexts, we have adopted a more protective standard for what constitutes the same offense under the Colorado Constitution than the federal standard. We have, however, "adhered to the federal 'same offense' standard for purposes of the double jeopardy prohibition against successive prosecutions for separate statutory crimes." *Boulies v. People,* 770 P.2d 1274, 1278 (Colo.1989); *see also People v. Williams,* 651 P.2d 899, 902 (Colo.1982); *People v. Bugarin,* 181 Colo. 62,

65, 507 P.2d 875, 877 (1973). Because the issue on appeal involves successive prosecutions for separate statutory crimes, the federal standard is the applicable standard.[6]

The Supreme Court of the United States has previously applied the "same elements" test to determine whether two or more offenses are the "same offense." *Blockburger v. United States* set forth the same elements test:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.... A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. The *Blockburger* test states that double jeopardy does not bar a subsequent prosecution where at least one of the elements of the offense in the second prosecution is different from the elements of the offense in the first prosecution.[7] The fact that the offending

---

5. U.S. Const. amend. V; Colo. Const. art. II, § 18. The purposes of the constitutional guarantee were summarized in *People v. Williams,* 651 P.2d 899, 902 (Colo.1982):

> The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.... Where successive prosecutions are at stake, the guarantee serves a constitutional policy of finality for the defendant's benefit. That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal ... and from attempts to secure additional punishment after a prior conviction and sentence.
>
> (Citations and quotations omitted.)

6. The Double Jeopardy Clause applies to nonsummary criminal contempt proceedings in the same manner as it does to any other criminal prosecution. *United States v. Dixon,* — U.S. —, —, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993); *see also People v. Matheson,* 671 P.2d 968 (Colo.App.1983) (holding that double jeopar-

dy principles may apply when imprisonment for a definite term is imposed for contempt of court).

7. This test is rooted in English common law, *see King v. Vandercomb,* 2 Leach 707, 168 Eng.Rep. 455 (1796), and was first adopted in the United States in *Morey v. Commonwealth,* 108 Mass. 433 (1871). *See, e.g.,* George C. Thomas, *The Prohibition of Successive Prosecutions for the Same Offense: In Search of a Definition,* 71 Iowa L.Rev. 323, 342–43 (1986).

> *Morey* involved a defendant who was convicted and sentenced for lewd and lascivious cohabitation. Based on the same conduct, the defendant was convicted again for the crime of adultery. The Massachusetts Supreme Judicial Court refused to overturn either conviction holding:
>
> > A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act

conduct which violated multiple statutes involved only one criminal episode is not relevant.

In *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Supreme Court, relying on *Blockburger,* held that a subsequent prosecution for a greater offense after a conviction for a lesser-included offense violates the Double Jeopardy Clause because they are the same statutory offenses. *Id.* at 166, 97 S.Ct. at 2225. In *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam), the Court held "the Double Jeopardy Clause bars prosecution of the lesser crime after conviction of the greater one." [8] *Id.*

*Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), expanded the *Blockburger* test. The defendant, Corbin, drove his car across a double line of a highway and struck two oncoming vehicles. The defendant pleaded guilty to two misdemeanor traffic charges. Subsequently, he was indicted and convicted of assault and homicide. The *Blockburger* test was modified on the grounds that it was an insufficient mechanism to resolve certain double jeopardy issues. Although the Court retained the *Blockburger* test, it engrafted a second step on the process of determining whether a crime is the "same offense" under the Double Jeopardy Clause. The Supreme Court held: "The Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093, 109 L.Ed.2d 548 (emphasis added). Thus, the Court shifted from a same elements analysis to a conduct analysis. Because the prosecution had conceded that the conduct it would use to establish the essential elements of the homicide and assault offenses was the same as the conduct for which the defendant had been previously convicted, the Court concluded that the Double Jeopardy Clause barred the defendant's subsequent prosecution.

The Court overruled *Grady* in *Dixon* and held that the applicable test in determining what constitutes the "same offense" is the *Blockburger* test as it existed prior to *Grady. Dixon,* —— U.S. at ——, 113 S.Ct. at 2860.

### III

In *Allen I,* the court of appeals relied on *Blockburger* and determined that Allen could be tried for the substantive criminal offenses even though he had been convicted of contempt. Implicit in the analysis of *Allen I* is the conclusion that *Harris* does not alter the outcome of this case.[9] We agree with the analysis in *Allen I.*

### A

*Allen I* was predicated on the *Blockburger* test. *Allen I,* 787 P.2d at 175–76. The court of appeals held the Double Jeopardy Clause does not bar prosecution of Allen on criminal charges after he was found guilty of contempt and punished. *Id.* at 176. The court

---

may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Id.* at 434. *Blockburger* cited *Gavieres v. United States,* 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911), and recognized that *Gavieres* adopted the language in *Morey. Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

**8.** *Harris* has been interpreted as requiring a court to go beyond a rote comparison of the elements of the different statutes in a case involving greater and lesser offenses and compare whether the proof of one offense is incorporated in the proof of the elements of the other offense.

See *Dixon,* —— U.S. at ——, 113 S.Ct. at 2857 (Scalia, J., joined by Kennedy, J.) (stating that *Harris* stands for the proposition that crime cannot be abstracted from the elements of the offense).

The *Blockburger* test was also modified to include collateral estoppel as a component of the guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The issue of collateral estoppel is not before us for review.

**9.** *Allen I* recognized the applicability of *Harris.* See *Allen I,* 787 P.2d 174, 175 (Colo.App.1989) (stating: "Except for the rule concerning lesser included offenses," the *Blockburger* test is the applicable test).

determined that the elements necessary to prove contempt of court are knowledge of the court's order and deliberate disobedience of the order in violation of the authority and dignity of the court. Since the elements of the contempt charge are distinct from the elements of the criminal charges pending against Allen, the court held there was no double jeopardy violation.[10] The court of appeals stated:

> In contrast to punishment imposed as a result of a criminal offense, punishment for contempt concerns conduct which is directed against, or is in derogation of the authority of, the judicial system. It is therefore not so much the manner in which the defendant acts but rather is the effect of his actions relative to the court's order, and thus the court's exercise of its authority, which is critical to a finding of contempt. Consequently, even a legal act which falls within the scope, and constitutes disobedience of a court's order may provide the basis for a finding of contempt.

*Id.*[11]

It is evident that neither burglary, mischief, menacing, nor trespass has the same elements as contempt of court—knowledge of a court order and violation of the order. Thus, *Allen I* met the *Blockburger* test.

## B

Allen contends that the charge of criminal trespass differs from the other charges and is barred because the conviction for trespassing was based on proof of the restraining order and the conviction for contempt already punished him for violating the restraining order.[12] The substance of Allen's assertion is that because *an element* of criminal trespass would necessarily be satisfied by proof that a defendant was guilty of contempt of court, prosecution for criminal trespass is barred. This assertion raises the issue of whether *Harris* is applicable. In this case, contempt and trespassing are not analogous to greater and lesser included offenses and therefore *Harris* is not applicable.

The Court in *Harris* held that an offense is not barred unless *all* of its elements were proven in a prior prosecution. *Dixon* confirms that in order to be barred, all of the elements of an offense must necessarily be included in the other offense. In *Dixon*, which was consolidated with *Foster v. United States*, 598 A.2d 724, 725 (D.C.1991), the defendant, Michael Foster (Foster), was accused of attacking his estranged wife. She obtained a civil protection order (CPO) that ordered Foster not "to molest, assault, or in any manner threaten or physically abuse" her.[13] After Foster allegedly threatened his estranged wife, she brought a criminal con-

**10.** At the contempt hearing, Allen acknowledged that he was aware of a permanent restraining order which prohibited him from going to his wife's residence. The evidence established that Allen went to the residence in derogation of the court's restraining order. Thus, the elements of contempt were established.

**11.** Judge Metzger, in her dissent in *Allen II*, pointed out that evidence of conduct constituting burglary, mischief, menacing, or trespass was not required to prove contempt of court because the order was violated by Allen's mere presence at his wife's residence. *Allen II*, 843 P.2d 97, 102 (Colo.App.1992).

**12.** Allen does not assert that any of the other three charges are barred by the holding in *Harris*. Contempt and burglary, mischief, or menacing are sufficiently distinct to be outside the broadest reading of greater and lesser included offenses. Second degree burglary requires a breaking with intent to commit a crime, § 18-4-203, 8B C.R.S. (1986); criminal mischief re-

quires damage of personal property, § 18-4-501, 8B C.R.S. (1986); and menacing requires a threat or physical action intended to place a person in fear of imminent serious bodily injury, § 18-3-206, 8B C.R.S. (1986). Juxtaposition of contempt with these criminal offenses leads to the conclusion that the elements of contempt would not necessarily be satisfied by proof that Allen was guilty of these substantive offenses; similarly, the elements of any of the substantive offenses would not necessarily be satisfied by proof that a defendant was guilty of contempt. *See Dixon*, —— U.S. at —— - ——, 113 S.Ct. 2858-59 (Scalia, J., joined by Kennedy, J.); *id.* at ——, 113 S.Ct. at 2865 (Rehnquist, J., joined by O'Connor, J., and Thomas, J.).

**13.** During the prosecution of the contempt charge, the trial·judge stated that Foster's wife would have to "prove as an element, first that there was a Civil Protection Order, and then [that] ... the assault as defined by the criminal code, in fact occurred." *Dixon*, —— U.S. at ——, 113 S.Ct. at 2853.

tempt proceeding against him. The trial court found Foster guilty of four counts of criminal contempt. Based on the same criminal episode, the prosecution obtained an indictment charging Foster with simple assault (count I), threatening to injure another on three occasions (counts II–IV), and assault with intent to kill (count V). *Dixon,* —— U.S. at —— – ——, 113 S.Ct. at 2853–54.

The majority of the Supreme Court that overruled *Grady* agreed that, as to counts II–V, double jeopardy did not apply and Foster could be tried despite the prior contempt conviction. *Id.* at ——, 113 S.Ct. at 2858 (Scalia, J., joined by Kennedy, J.) (stating counts II–IV are not barred); *id.* at ——, 113 S.Ct. at 2665 (Rehnquist, C.J., joined by O'Connor, J., and Thomas, J.) (same). The justices did not agree as to count I.

Justice Rehnquist, joined by Justice O'Connor and Justice Thomas, interpreted *Blockburger* as only requiring a limited comparison of the statutory elements of contempt and the substantive offenses. This interpretation resulted in the conclusion that the crime of contempt and the substantive criminal offenses are necessarily distinct under *Blockburger. Dixon,* —— U.S. at ——, 113 S.Ct. at 2865 ("Because the generic crime of contempt of court has different elements than the substantive criminal charges at issue ... I believe they are separate offenses under *Blockburger.*"). In addition, Justice Rehnquist stated *Harris* did not apply:

A lesser included offense is defined as one that is "necessarily included" within the statutory elements of another offense. Taking the facts of *Harris* as an example, a defendant who commits armed robbery necessarily has satisfied one of the statutory elements of felony murder. The same

cannot be said, of course, about this case: A defendant who is guilty ... of assault has not necessarily satisfied any statutory element of criminal contempt. Nor, for that matter, can it be said that a defendant who is held in criminal contempt has necessarily satisfied any element of those substantive crimes. In short, the offenses for which ... Foster [was] prosecuted in this case cannot be analogized to greater and lesser included offenses; hence, they are separate and distinct for double jeopardy purposes.

*Id.* at ——, 113 S.Ct. at 2868. This conclusion is based on interpreting *Harris* as requiring incorporation of all of the elements of a criminal offense in order to bar the subsequent prosecution.

Justice Scalia's opinion regarding count I, which Justice Kennedy joined, decided that count I of the charges against Foster was barred by the holding in *Harris.* Justice Scalia's interpretation of *Blockburger* differs from Justice Rehnquist's in that it requires a court to go beyond the elements of the offenses and look at the particular terms of the court orders.[14] This interpretation led Justice Scalia to focus on the CPO in Foster's case. Because the trial court incorporated the statutory definition of the crime of assault into its order, Justice Scalia reached a different result than Justice Rehnquist.

At Foster's contempt hearing, the trial court stated that Foster's wife would have to "prove as an element, first that there was a Civil Protection Order, and then [that] ... the assault *as defined by the criminal code,* in fact occurred." *Dixon,* at ——, 113 S.Ct. at 2854 (emphasis added). The trial judge, thus, defined the offense of contempt as including all of the elements of the substantive

---

14. Justice Scalia's application of the holding in *Harris* required analyzing the terms of the trial court's contempt orders. The justices' difference of opinion regarding their willingness to consider the content of the court orders has been acknowledged by other courts. *See United States v. Liller,* 999 F.2d 61, 63 (2d Cir.1993) (recognizing that in *Dixon* as many as five justices "examined the content of the particular court order violated by the defendants rather than the more general statutory elements of the criminal contempt provision under which they were charged"). The issue of examining the content of the court or-

ders is rooted in an older debate about whether it is appropriate in the context of double jeopardy analysis to examine the allegations of the indictment rather than only the terms of the statutes. *See United States v. Adams,* 1 F.3d 1566, 1574 (11th Cir.1993) (holding that "the *Blockburger* test is to be applied to the statutory elements underlying each indictment, or count, not to the averments that go beyond the statutory elements"). The Supreme Court did not resolve this issue in *Dixon. See generally, Precedents in a Vacuum: The Supreme Court Continues to Tinker with Double Jeopardy,* 31 Crim.L.Rev. 1 (1993).

offense of assault. Justice Scalia asserted that under *Harris*, incorporation of all of the elements of assault in the CPO should bar subsequent prosecution for assault:

> We have described our terse per curiam in *Harris* as standing for the proposition that, for double jeopardy purposes, the crime generally described as felony murder is not a separate offense distinct from its various elements. So too here, the "crime" of violating a condition of release cannot be abstracted from the "element" of the violated condition. The *Dixon* court order incorporated the entire governing criminal code in the same manner as the *Harris* felony-murder statute incorporated the several enumerated felonies.

*Dixon,* —— U.S. at ——, 113 S.Ct. at 2857 (citations and quotations omitted). Even though this expansive interpretation of *Blockburger* would allow a court to inquire into the terms of the order, it still requires *all* of the elements of a criminal charge to be incorporated in a contempt order before subsequent prosecution is barred. *See, e.g., Williams v. Dugger*, 827 F.Supp. 1568, 1575 (S.D.Fla.1993) ("Hence, the Court's inquiry requires a juxtaposition of the statutory offenses at issue to determine whether each contains an element the other does not, or whether one offense is completely subsumed within the other.").

Even under the broadest reading of *Harris*, Allen could be retried for trespass. The trial court's order in Allen's case did not incorporate all of the elements of criminal trespass. In fact, the trial judge specifically stated the order would have been violated by conduct that would not constitute criminal trespass.[15] Thus, the fact specific application of *Harris* that fragmented the *Dixon* majority is not applicable in this case and the court of appeals correctly applied *Blockburger* in *Allen I*.

## IV

The applicable test for double jeopardy purposes is the *Blockburger* test. Because the elements of contempt and the elements of the criminal offenses are not the same, the subsequent prosecution of Allen is not barred. Therefore, we reverse and return this case to the court of appeals with directions to remand to the district court to reinstate the judgment of conviction for criminal trespass and misdemeanor menacing.

---

15. The trial court stated:

> The question this morning is whether the testimony is sufficient for me to find [Allen] in contempt of my order. And the fact of the matter is that if [Allen] had knocked on [his wife's] door on January 2, she'd opened it and he had tendered her a Christmas present, he would still have been in contempt of my order because my order is that he stay away from that house and that he have absolutely nothing to do with her.

Unlike the trial court's order, first degree criminal trespass requires entry into a dwelling. § 18–4–502, 8B C.R.S. (1986).