The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

John C. STENSON, Defendant–Appellee.

No. 93CA1919.

Colorado Court of Appeals, Div. A.

Nov. 17, 1994.

Rehearing Denied Dec. 29, 1994.

Certiorari Denied Aug. 28, 1995.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Englewood, for plaintiff-appellant.

David F. Vela, State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

The People appeal the trial court's dismissal of three counts charging defendant, John C. Stenson, with second degree burglary, conspiracy to commit second degree burglary, and theft. We reverse and remand with directions.

On January 25, 1993, defendant pled guilty in municipal court to charges of harassment and destroying property. He received a suspended ninety-day sentence conditioned upon requirements that he make restitution, participate in a treatment program, have no contact with the victim, pay her phone bill for 360 days, and commit "no penal violations."

During the three weeks following the issuance of the order, the victim reported to police that she had received several phone calls from defendant and that he had repeatedly violated the portion of the order prohibiting him from having contact with her. In mid-February, the victim reported to police that someone had entered her apartment without her consent, taken some of her personal property, and damaged some articles of clothing. She told the police that she suspected defendant was involved.

On February 16, 1993, the municipal court again advised defendant that he was to have no contact with the victim. During the next two weeks, however, the victim reported that defendant was continuing to violate the order.

Unbeknownst to defendant, the victim tape recorded one of their telephone conversations. In that conversation, defendant admitted his involvement in arranging for the entry of her apartment and the removal of her personal items. Following an evidentiary hearing at which the tape of the telephone conversation was played and defendant acknowledged that it was his voice on the tape, the municipal court found that defendant had violated the no-contact portion of its previous order. The court thereafter ordered that defendant serve his previously suspended ninety-day jail sentence.

Based on the same incidents which had been described at the evidentiary hearing, defendant was later charged with second degree burglary, conspiracy to commit second degree burglary, and theft. Arguing that, by virtue of the proceeding relating to violation of the no-contact order, he had already been punished for the conduct underlying the criminal charges, defendant moved for dismissal of the charges as barred by the double jeopardy clause. The trial court agreed and dismissed the charges.

On appeal, the People contend that the trial court erred in dismissing the criminal charges. We agree.

■ The double jeopardy clauses of the United States and Colorado constitutions protect an accused against being twice placed in jeopardy for the same offense. *People v. Allen,* 868 P.2d 379 (Colo.1994).

■ In determining whether double jeopardy would bar a subsequent criminal prosecution, we must apply the "same elements" test and determine whether defendant's violation of the no-contact order is the "same offense" as charged in the criminal counts. *See United States v. Dixon,* — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *People v. Allen, supra.*

In *Blockburger v. United States, supra,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309, the United States Supreme Court described the "same elements" test as follows:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether

each provision requires proof of a fact which the other does not.... A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

Thus, under the *Blockburger* test, double jeopardy does not bar a subsequent prosecution if "at least one of the elements of the offense in the second prosecution is different from the elements of the offense in the first prosecution." *People v. Allen, supra,* 868 P.2d at 381.

Applying the *Blockburger* analysis, our supreme court has held that the double jeopardy clause does not bar the prosecution of a defendant on criminal charges after he or she has been found guilty in punitive contempt proceedings arising from the same criminal episode, when the elements of the contempt and the criminal offense are not the same. *People v. Allen, supra* (defendant's punishment for contempt as a result of his violation of a restraining order did not preclude his subsequent prosecution on criminal charges, including burglary, arising out of the same criminal episode).

We note that, at the time it granted the motion to dismiss, the trial court did not have the benefit of the recent supreme court opinion in *Allen.*

The elements of the order violation here were simply that the defendant was aware of the court order and deliberately disobeyed it, and those elements are considerably different from those of the criminal charges of burglary, conspiracy, and theft lodged against him. *Cf. People v. Allen, supra; see also People v. Razatos,* 699 P.2d 970 (Colo. 1985). Accordingly, under the *Blockburger* analysis, defendant's prosecution for the charges is not barred by the double jeopardy clause. *See also United States v. Dixon, supra.* Relying on *United States v. Dixon, supra,* defendant contends that, because it directed defendant not to commit any penal violations, the no-contact order had in effect incorporated the entire penal code, including the elements of the later-charged crimes. Defendant thus argues that the criminal charges did not include any elements not contained in his previous order violation and that his subsequent prosecution for those charges would violate the double jeopardy clause. We disagree.

Contrary to defendant's argument, evidence of conduct constituting second degree burglary, conspiracy to commit second degree burglary, and theft was not required to prove defendant's violation of the no-contact order.

The order at issue in *Dixon* provided that the defendant was not to commit "any criminal offense." It did not contain any additional prohibitions, such as the directive here forbidding defendant from contacting the victim. Thus, the trial court in *Dixon* could find the defendant in contempt only if it found that he had committed a criminal offense.

Here, in contrast, the original order contained separate and distinct directives: one prohibiting defendant from having contact with the victim, and the other prohibiting him from committing any penal violations. Thus, defendant could have been found to have violated the order if he committed a crime, even if he had complied with the portion of the order forbidding him to have contact with the victim. Conversely, defendant could have been found in violation of the order if he had had contact with the victim, regardless of whether he had committed a penal violation.

Significantly, in its determination that defendant had violated the original sentencing order, the municipal court did not rely on defendant's violation of the portion of the order which prohibited him from committing any penal violations.

Rather, relying solely on the no-contact portion of the original order, the municipal court found that:

> [T]he defendant's had contact with [the victim], has called her, he's caused her or has taken her driver's license, he caused to take or took himself her license plates, he entered her apartment or had someone do that, he sliced her [clothing and] took certain personal belongings. [The] Court

finds that the defendant has violated *the no-contact order.* (emphasis added)

Thus, the court found that the order was violated by defendant's mere contact with the victim.

The municipal court's brief findings regarding defendant's involvement in the apartment incident are descriptive of his improper contact with the victim but do not constitute conclusions that defendant had committed "penal violations." Since it was the violation of the no-contact provision that gave rise to defendant's resentencing and since his contact with the victim was not an element of any of the criminal charges, he was not subjected to double jeopardy.

Accordingly, defendant's subsequent prosecution on the criminal charges is not barred. *See United States v. Dixon, supra; People v. Allen, supra.*

The judgment of dismissal is reversed, and the cause is remanded to the trial court for reinstatement of the charges.

STERNBERG, C.J., and CASEBOLT, J., concur.