Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
December 14, 2020

**2020 CO 86**

**No. 19SC599, *People v. Bott* — Criminal Law — Double Jeopardy — Unit of
Prosecution — Statutes.**

The People petitioned for review of the court of appeals' judgment vacating

eleven of Bott's twelve convictions for sexual exploitation of a child by possession

of sexually exploitative material.  *See People v. Bott*, 2019 COA 100, __ P.3d __,

(Colo. App. 2019).  In reliance on language from the statute's legislative

declaration and court of appeals' decisional law predating current amendments to

the statute, the trial court denied Bott's motion to dismiss all but one of these

exploitation counts as multiplicitous, finding that the legislature intended to

permit conviction for each single incident of victimization.  The court of appeals

disagreed, finding instead that the applicable unit of prosecution was determined

by the legislature when it chose to amend the statute to designate the act of

possessing more than twenty different items qualifying as sexually exploitative

material a class 4 felony.  Accordingly, the court of appeals held Bott's conviction

of multiple class 4 felonies for possessing separate items numbering multiple times greater than twenty violated his constitutional protection against being subjected to jeopardy more than once for the same crime.

The supreme court affirms, holding that the language of section 18-6-403, C.R.S. (2020), defining and proscribing the offense of sexual exploitation of a child, makes clear the legislature's intent that possession pursuant to subsection (3)(b.5) of any number of items exceeding twenty that qualify as sexually exploitative material constitutes a single offense.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2020 CO 86**

**Supreme Court Case No. 19SC599**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. **15CA2149**

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Joshua Christian Bott.

**Judgment Affirmed**
*en banc*
December 14, 2020

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Senior Assistant Attorney General
　　*Denver, Colorado*

**Attorneys for Respondent:**
Megan A. Ring, Public Defender
Mark Evans, Deputy Public Defender
　　*Denver, Colorado*

**CHIEF JUSTICE COATS** delivered the Opinion of the Court.

¶1     The People petitioned for review of the court of appeals' judgment vacating eleven of Bott's twelve convictions for sexual exploitation of a child by possession of sexually exploitative material. *See People v. Bott*, 2019 COA 100, __ P.3d __, (Colo. App. 2019).   In reliance on language from the statute's legislative declaration and court of appeals' decisional law predating current amendments to the statute, the trial court denied Bott's motion to dismiss all but one of these exploitation counts as multiplicitous, finding that the legislature intended to permit conviction for each single incident of victimization.  The court of appeals disagreed, finding instead that the applicable unit of prosecution was determined by the legislature when it chose to amend the statute to designate the act of possessing more than twenty different items qualifying as sexually exploitative material a class 4 felony.  Accordingly, the court of appeals held Bott's conviction of multiple class 4 felonies for possessing separate items numbering multiple times greater than twenty violated his constitutional protection against being subjected to jeopardy more than once for the same crime.

¶2     Because the language of section 18-6-403, C.R.S. (2020), defining and proscribing the offense of sexual exploitation of a child, makes clear the legislature's intent that possession pursuant to subsection (3)(b.5) of any number of items exceeding twenty that qualify as sexually exploitative material constitutes a single offense, the judgment of the court of appeals is affirmed.

2

# I.

¶3     Joshua Christian Bott was charged with five counts of sexual assault on a child, three counts of sexual exploitation of a child (distribution), and twelve counts of sexual exploitation of a child (possession of more than twenty items). He was convicted of all charges and was sentenced to terms of eight years to life on each count of sexual assault, to run consecutively; twelve years for distribution; and two years on each of the counts of possession, also to run consecutively.

¶4     As relevant to the issue before this court, evidence at trial indicated that during a search of the defendant's home, the police seized a memory card containing some 294 sexually exploitative images of children. The images depicted at least 250 different victims, including some infants. With regard to the charges of sexual exploitation of a child by possession of sexually exploitative material, the prosecution grouped the images into twelve separate bundles, each containing more than twenty images, and charged the defendant with the class 4 felony of possessing more than twenty different items qualifying as sexually exploitative material, as proscribed at section 18-6-403(3)(b.5) and (5)(b)(II), as to each bundle.

¶5     Both before and during trial, the defendant moved to dismiss eleven of the twelve charges on grounds that possession of more than twenty qualifying items constituted a single offense, for which he could not be convicted and punished

more than once. The district court denied the motions, finding that the statute proscribed as a separate offense "each single incident of victimization." On appeal, the intermediate appellate court reversed the defendant's convictions for sexual assault on a child, for the separate reason that the prosecution failed to produce sufficient evidence of those charges. It also vacated eleven of the defendant's twelve convictions for possessing sexually exploitative materials, finding that the statute proscribes an act of possession, which was evidenced in this case by the defendant's possession of a memory card containing more than twenty qualifying items. The defendant did not appeal his convictions and sentences for sexual exploitation of a child (distribution).

¶6 We granted the People's petition for a writ of certiorari solely on the question whether the court of appeals erred in vacating eleven of the defendant's convictions for sexual exploitation of a child, as a violation of the constitutional bar to his being placed in jeopardy more than once for the same offense.

## II.

¶7 The double jeopardy clauses of both the federal and state constitutions protect individuals not only from prosecution after either an acquittal or conviction of the same offense, but also from being subjected to multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 795 (1989).

4

Although the Supreme Court has clarified this articulation of the constitutional protection—specifying that with respect to cumulative sentences imposed at a single proceeding, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended, *Missouri v. Hunter,* 459 U.S. 359, 366–69 (1983); *see Whalen v. United States*, 445 U.S. 684, 691–92 (1980); *see also Lewis v. People*, 261 P.3d 480, 481 (Colo. 2011) (summarizing this court's jurisprudence acknowledging this clarification and accepting it as the correct interpretation of the state constitutional jeopardy provision as well)—it nevertheless remains the case that unless the General Assembly makes clear its intent to punish the same offense with more than one conviction and sentence, it is not constitutionally permitted to do so, *see Hunter*, 459 U.S. at 368–69; *Boulies v. People*, 770 P.2d 1274, 1278–79 (Colo. 1989).

¶8     Subject to constitutional limitations, it is, however, the prerogative of the legislature to define crimes and prescribe punishments. *Sanabria v. United States*, 437 U.S. 54, 69–70 (1978); *Woellhaf v. People*, 105 P.3d 209, 215–20 (Colo. 2005); *Martinez v. People*, 69 P.3d 1029, 1031 (Colo. 2003). Because any particular criminal proscription can be violated more than once and often in more than one way, it is similarly for the legislature to determine the breadth of the conduct it intends to be punished as a single crime or single violation of its criminal proscription. Although not specifically defining the term, the Supreme Court, in cases involving

5

more than one violation of a single statute, has referred to "the offense which the legislature intended to create," as the "unit of prosecution." *People v. Abiodun*, 111 P.3d 462, 470 (Colo. 2005); *see Ladner v. United States*, 358 U.S. 169, 174–75 (1958); *Bell v. United States*, 349 U.S. 81, 83 (1955); *see also Callanan v. United States*, 364 U.S. 587, 597 (1961) (unit of prosecution discerns whether conduct constitutes one or several violations of a single statutory provision); *see generally* Note, *Twice in Jeopardy*, 75 Yale L.J. 262, 313 (1965).

¶9 Further, the Court has expressly held that "once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution' . . . that prescription determines the scope of protection afforded by a prior conviction or acquittal." *Sanabria*, 437 U.S. at 70 (citations omitted). This court has followed suit by similarly characterizing the "unit of prosecution" as the manner in which a criminal statute permits a defendant's conduct to be divided into discrete acts for purposes of prosecuting multiple offenses, *Woellhaf*, 105 P.3d at 215, and by holding that once the General Assembly prescribes the unit of prosecution, that prescription determines the scope of protection offered by the Double Jeopardy Clause, *id.*; *People v. Williams*, 651 P.2d 899, 903 (Colo. 1982).

¶10 It is the legislature's choice to treat a course of conduct, or various acts that it considers to be related in time, nature, or purpose (or in any other way) as one or as more than one offense. *See Williams*, 651 P.2d at 903 (citing *Sanabria*, 437 U.S.

6

at 69–70).  For a host of reasons, including not only its assessment of the appropriateness of multiple punishments but also the practical consequences of requiring that similar or related acts be distinguishable, the legislature may very well choose to define a series of acts, related along a continuum of conduct or motivated by a single objective, for example, as a single crime.  *Abiodun*, 111 P.3d at 465; *e.g.*, *Prince v. United States*, 352 U.S. 322, 328 (1957) (explaining that it is Congress's prerogative to proscribe the robbing of a federal bank and merely entering with the intent to rob it, as the same crime).

¶11    Where the General Assembly proscribes conduct in different provisions of the penal code and identifies each provision with a different title, its intent to establish more than one offense is generally clear.  Unless all the elements of a separately designated offense are a subset of another, and therefore the one is considered the same as, or included within, the other, *see Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Reyna-Abarca v. People*, 2017 CO 15, ¶ 64, 390 P.3d 816, 826, a legislative intent to permit separate punishments for each can be presumed, *see Albernaz v. United States*, 450 U.S. 333, 341–42 (1981).  Where, however, a number of acts are joined as a disjunctive series in a single criminal proscription, whether the legislature intends to allow separate convictions and sentences for each enumerated act is not so readily apparent and must be

ascertained, if at all, from the language and organization of the statute itself or through the use of various aids to statutory construction. *Abiodun*, 111 P.3d at 466.

¶12 The crime defined at section 18-6-403(3) and designated "sexual exploitation of a child" proscribes a host of acts concerning visual depictions of a child engaged in, participating in, observing, or being used for explicit sexual conduct, including causing, inducing, enticing, or permitting a child to engage in or be used for any explicit sexual conduct for the making of such depictions; preparing, arranging for, publishing, producing, promoting, making, selling, financing, offering, exhibiting, advertising, dealing in, or distributing such depictions; and finally, simply possessing such depictions for various purposes. § 18-6-403(2)(j), (3), C.R.S. (2020). Today we need not determine the extent to which the legislature intended to permit separate prosecutions and sentences for any or all of these acts. For purposes of the issue before us, we are called upon only to determine the extent to which the legislature intended to permit separate conviction and punishment for a defendant's possession of each separate item included in the statutory definition of "sexual exploitative material," for some purpose other than to deal in, sell, or distribute it.

¶13 Subsection (3)(b.5) of the statute specifies that any person other than certain designated professional personnel commits sexual exploitation of a child if, for any purpose, he knowingly possesses or controls "any" sexually exploitative

8

material.[1] Sexually exploitative material is statutorily defined to include "any" of a number of specifically named and disjoined items capable of reproducing visual material or other mechanically, electronically, chemically, or digitally reproduced visual material that depicts a child involved in or observing explicit sexual conduct. § 18-6-403(2)(j).[2] Use of the term "any" in both the definitional provision and the proscriptive provision necessarily implies that proof of knowing possession of any single item falling within the definition of sexually exploitative material is sufficient for a conviction of the offense. However, it implies virtually

---

[1] Specifically, the statute provides that a person commits sexual exploitation of a child if he or she:

> Possesses or controls any sexually exploitative material for any purpose; except that this subsection (3)(b.5) does not apply to law enforcement personnel, defense counsel personnel, or court personnel in the performance of their official duties, nor does it apply to physicians, psychologists, therapists, or social workers, so long as such persons are licensed in the state of Colorado and the persons possess such materials in the course of a bona fide treatment or evaluation program at the treatment or evaluation site.

§ 18-6-403(3)(b.5).

[2] "'Sexually exploitative material' means any photograph, motion picture, video, recording or broadcast of moving visual images, print, negative, slide, or other mechanically, electronically, chemically, or digitally reproduced visual material that depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." § 18-6-403(2)(j).

9

nothing about the breadth or scope of the prohibited conduct intended by the legislature to be punished as a single offense—its chosen unit of prosecution.

¶14     Although "possession" is now widely accepted as a proper basis for a crime, at least to the extent that the possessed item was knowingly received or consciously retained after sufficient time to have given up control of it, as a criminal act, or *actus reus*, it is clearly different in nature from other discrete, voluntary acts. *See generally* Wayne R. LaFave, 1 *Substantive Criminal Law*, § 6.1(e) (3rd ed. 2020); Model Penal Code § 2.01 (Am. Law Inst., Proposed Official Draft 1962); Model Penal Code Commentaries, Part I, Vol. 1, 214, 224 (1985). Because possession, as that term is ordinarily understood, continues until the possessor is divested of control of the possessed item, it is more in the nature of a condition than a discrete act, or at least has more in common with a course of conduct or a series of acts related along a continuum of conduct. Factors we have previously identified as determining whether conduct supporting one commission of a particular offense is factually distinct from conduct supporting a second or subsequent commission of that offense, like temporal and spatial proximity and the presence of intervening events or volitional departures, *see Schneider v. People*, 2016 CO 70, ¶ 14, 382 P.3d 835, 839; *Woellhaf*, 105 P.3d at 219, are therefore less applicable to offenses of possession. Rather, the intended scope of a single offense of possession is typically determined by considerations involving the nature of the

10

thing or quantity of things simultaneously possessed, how or where or when they were acquired or controlled, the length of time they have been possessed, or the purpose or intended use for which they were possessed. *See* LaFave, § 6.1(e) n.50 ("[B]ut when the crime is possession with certain intention, one uninterrupted possession may become multiple crimes because of a change in the defendant's intention.").

¶15    By contrast with the definition of the offense itself in subsection (3)(b.5), subsection (5)(b), concerning classification and punishment, expressly defines the scope of a single commission of that offense in terms of the type or number of different *items* qualifying as sexually exploitative material possessed pursuant to subsection (3)(b.5). In subparagraph (5)(b)(II), the legislature specifies that possession pursuant to subsection (3)(b.5) of a video, recording or broadcast of moving visual images, or motion picture, or more than twenty different items qualifying as sexually exploitative material "*is* a class 4 felony." *Id.* (emphasis added). While "items" is not defined as a term of art in the statute, subparagraph (5)(b)(II)'s use of the phrase "items qualifying as sexually exploitative material" is a clear and unmistakable reference to the list of disjoined items in subsection (2)(j) constituting "sexually exploitative material" whenever the item in question "depict(s) a child engaged in, participating in, observing, or being used for explicit

11

sexual conduct." One of the disjoined items in the series is "digitally reproduced visual material depicting a child" under the described circumstances.

¶16 In the past, we have found that by classifying as a single felony the commission of a number of crimes under statutorily specified circumstances, the legislature not only permits, but in fact requires, all such crimes to be joined and prosecuted as a single felony. *See, e.g.*, *Roberts v. People*, 203 P.3d 513, 516 (Colo. 2009) ("When a person commits theft twice or more within a period of six months . . . *it is* a class . . . felony." (quoting § 18-4-401(4), C.R.S. (2008) (emphasis in original))).[3] Similarly, in specifying that possession of more than twenty qualifying items *is* a class 4 felony, the legislature has defined the unit of prosecution in terms of the number of items possessed for the crime of sexual exploitation of a child by possession pursuant to subsection (3)(b.5). Because the legislature has itself determined that the possession of qualifying items numbering greater than twenty, without limitation, amounts to the commission of a single felony, separate convictions and punishment for the simultaneous possession of

---

[3] In 2009, the General Assembly amended section 18-4-401 to expressly grant discretion to the prosecuting authority whether or not to join as a single felony all thefts committed by the same person within a six month period. Despite simultaneously amending section 18-6-403(5) in other regards, the legislature did not similarly amend that provision.

12

qualifying items exceeding twenty violates constitutional protections against being punished twice for the same offense.

¶17 Because a statute takes its meaning from the language chosen for it by the legislature, as long as that language is unambiguous and does not conflict with other statutory provisions, the legislative intent, and therefore the meaning of the statute, is clear without reference to other interpretative aids. *See People v. Jones,* 2015 CO 20, ¶ 10, 346 P.3d 44, 48; *Pham v. State Farm Auto. Ins. Co.,* 2013 CO 17, ¶ 13, 296 P.3d 1038, 1043. A declaration of legislative intent or purpose attached to a proscriptive enactment can never be in conflict with that enactment because it merely provides an explanation, in the form of legislative history, of its goals and reasons for choosing to legislate as it has. While such a declaration of legislative purpose may be helpful in resolving existing ambiguity, it cannot create ambiguity in or conflict with an otherwise unambiguous proscriptive statute. *See People in Int. of T.B.,* 2019 CO 53, ¶ 33, 445 P.3d 1049, 1056 ("[The] additional legislative declaration in subsection (1.5) likewise does not narrow or otherwise modify the actual elements of the offense of sexual exploitation of a child found in subsection (3) of the statute or its associated definitional provisions in subsection (2).").

¶18 In any event, the legislative declaration of purpose included in the broader statute creating the crime of sexual exploitation of a child in no way suggests that the language chosen to accomplish the legislature's purpose was inadequate or

13

inadvertent. The categorization of possession pursuant to subsection (3)(b.5) as a class 5 felony except where that possession consists of more than twenty qualifying items clearly accomplishes the legislative goal of treating a greater quantity of sexually exploitative material as a more serious offense. And specifying an amount of prohibited material the possession of more than which constitutes an element of, or elevates the seriousness of, an offense has been acknowledged in other jurisdictions as a technique for defining the intended unit of prosecution for possession crimes. *See, e.g.*, *United States v. Chiaradio*, 684 F.3d 265, 275–76 (1st Cir. 2012) (finding that prohibition against "knowingly possess[ing] . . . *one or more* books, magazines, . . ." could not constitutionally support multiple possession charges); *United States v. Polouizzi*, 564 F.3d 142, 146, 155 (2d Cir. 2009) (holding that "[t]he language '1 or more' indicates that a person commits one violation of the statute by possessing more than one matter containing a visual depiction of child pornography" (citation omitted)).

¶19 In *Marsh v. People*, 2017 CO 10M, ¶¶ 22–23, 389 P.3d 100, 105–06, this court found the term "possession" itself to be ambiguous, at least with regard to images conveyed over the internet, and therefore considered extrinsic aids in resolving the case before it. No question concerning either the possession or number of images of individual children appearing on the memory card in question has been raised before this court. Similarly, because the items as to which separate

conviction and punishment at issue here were all found on a single memory card possessed or controlled by the defendant, we need not determine whether possession pursuant to subsection (3)(b.5) inherently includes any limitation as to time, location, or simultaneity of possession.[4] *Compare United States v. Prestenbach*, 230 F.3d 780, 783 (5th Cir. 2000) (reasoning that "[i]f the contraband is possessed at a single place and time, there is a single act of possession and a single crime" in holding that keeping four altered money orders in a lotion bottle is one action, and therefore one crime), *and United States v. Elliott*, 937 F.3d 1310, 1315–16 (10th Cir. 2019) (relying on the fact that the prohibited materials containing child pornography were all found in one location, the defendant's bedroom, when concluding the counts were multiplicitous), *with United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007) (holding that separate counts for possession of child pornography in three separate places—a laptop, a desktop computer, and diskettes—were not multiplicitous).

---

[4] In their Opening Brief in this court, the People asserted for the first time that multiple convictions should be permitted based on evidence that the images on the memory card were *acquired* rather than *possessed* at different times. Because this alternate claim was not litigated in the court of appeals, was not supported by a jury finding, and was not the subject of our grant of certiorari, we do not address it.

## III.

¶20    Because the language of section 18-6-403, defining and proscribing the offense of sexual exploitation of a child, makes clear the legislature's intent that possession pursuant to subsection (3)(b.5) of any number of items exceeding twenty that qualify as sexually exploitative material constitutes a single offense, the judgment of the court of appeals is affirmed.